DA 08-0138

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 430N

JOHN MIDDLEMISS,

      Plaintiff and Appellant,

  v.

MIKE FERRITER; MIKE MAHONEY; TOM WOOD;
MARK LOCHRIE; GREGG BUDD; KENNETH NEUBAUER;
TRICIA ROBLES; KEN COZBY; THE DEPARTMENT OF
CORRECTIONS; THE MONTANA STATE PRISON; THE
STATE OF MONTANA,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
                   In and For the County of Powell, Cause No. DV-06-112
                   Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          John Middlemiss, (self-represented); Deer Lodge, Montana

       For Appellees:

          Hon. Mike McGrath, Montana Attorney General; Valerie D. Wilson,
          Special Assistant Attorney General; Helena, Montana

                           Submitted on Briefs:  October 22, 2008

                                      Decided:  December 16, 2008

Filed:

                         _____
                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Middlemiss (Middlemiss) appeals from the order entered by the Third Judicial District Court, Powell County, granting summary judgment to all Defendants on his complaint requesting declaratory and injunctive relief, as well as money damages. We affirm. The sole issue on appeal is whether the District Court erred in granting the Defendants summary judgment.

¶3 The Montana Department of Corrections (DOC) houses adult male inmates at the Montana State Prison (MSP) and various other secure facilities throughout the state. Prior to November of 2006, each facility employed different rules governing the type and amount of personal property inmates were allowed to possess within the facility. As a result, personal property authorized at one facility might be considered contraband at another facility. Inmates transferred between facilities had the option of either storing personal property considered contraband at the new facility or sending it to a person outside the facility.

¶4 On November 1, 2006, MSP Warden Mike Mahoney signed a revised inmate property policy, which became effective February 1, 2007. The purpose of the revised

2

policy was to resolve the disparity between the facilities regarding allowed personal property and to reduce safety and security concerns. The revised policy established new rules applicable to all secure facilities governing what personal property items inmates are allowed to possess. The revised policy also provided that personal property items considered contraband under the new policy must be sent out of the facility by the inmate or would be seized as contraband and destroyed. The cost of shipping contraband personal property out of the facility is paid for by the Inmate Welfare Fund. As a result of the revised policy, certain personal property items previously allowed to MSP inmates are now considered contraband.

¶5 On December 21, 2006, Middlemiss filed this action against the above-named Defendants. He alleged that the revised personal property policy violated his and other inmates' rights under the Montana and United States Constitutions and also violated various state and federal laws. He also alleged that the DOC was improperly administering the Inmate Welfare Fund and inmate trust accounts by refusing to place the funds into interest-bearing bank accounts. His complaint requested a declaratory judgment, injunctive relief preventing the implementation and enforcement of the revised personal property policy, and compensatory and punitive damages. He further requested the District Court to certify the action as a class action pursuant to M. R. Civ. P. 23. The Defendants answered the complaint and moved for summary judgment.

¶6 The District Court granted summary judgment to the Defendants on all of Middlemiss's claims, concluding there were no genuine issues of material fact and the Defendants were entitled to judgment as a matter of law. The court determined that the

3

revised personal property policy is reasonable and related to legitimate penological interests. Thus, the revised policy did not violate Middlemiss's rights under the United States Constitution. The court further determined that Middlemiss had failed to present sufficient evidence to support either a claim under the Montana Constitution or a civil rights claims pursuant to 42 U.S.C. § 1983. As to Middlemiss's tort claims and request for damages, the District Court determined it had no jurisdiction to hear those claims because Middlemiss had failed to exhaust his administrative remedies as required by § 2-9-301, MCA. The court also concluded that Middlemiss had failed to establish that the DOC's administration of the Inmate Welfare Fund and inmate trust accounts violated the law or otherwise was improper. Finally, because the Defendants were entitled to judgment as to all of Middlemiss's claims, the District Court concluded that his request for certification as a class action was moot.

¶7     Middlemiss appeals the District Court's grant of summary judgment to the Defendants, asserting the court erred in concluding there were no genuine issues of material fact preventing entry of judgment as a matter of law. We review a district court's grant of summary judgment de novo, using the same M. R. Civ. P. 56 criteria applied by that court. *Lorang v. Fortis Ins. Co.*, 2008 MT 252, ¶ 36, 345 Mont. 12, ¶ 36, 192 P.3d 186, ¶ 36. In that regard, M. R. Civ. P. 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the District Court correctly determined that the Defendants established the absence of genuine issues of material fact and their entitlement to judgment as a matter of law.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS